UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| KEVIN GUYTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 13-322-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN FRANCISCO QUINTANA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kevin Guyton is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Guyton has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the five dollar filing fee [R. 3].

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Guyton's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On March 20, 2006, a federal jury sitting in the Southern District of Florida found Guyton guilty of a single count of distribution of cocaine in violation of 21 U.S.C. § 841(a). Over Guyton's objection, the trial court considered a prior Florida conviction for extortion as a valid predicate "crime of violence" under the sentencing guidelines, and on July 18, 2006, sentenced him as a career offender to a 262-month term of incarceration. On February 26, 2008, the Eleventh Circuit overruled Guyton's objections to his conviction and sentence on direct appeal. *United States v. Guyton*, No. 05-80135-DTKH-2 (S.D. Fla. 2005).

On July 23, 2008, Guyton filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Among his grounds for relief was his claim that his counsel was ineffective for not contending that he should not have been sentenced as a career offender because his prior conviction for extortion did not constitute a "crime of violence" under the sentencing guidelines. In denying his motion, the trial court noted that "the offense of 'extortion' is one of the specifically enumerated 'crimes of violence' under U.S.S.G. §§4B1.1, 4B1.2(a)(2)." The trial court granted a certificate of appealability on this issue, and the Eleventh Circuit appointed counsel to represent him on appeal. The court of appeals found that Guyton's counsel was not ineffective because the Florida extortion statute appeared to constitute one of the enumerated crimes of violence set forth in the sentencing guidelines. *Guyton v. United States*, No. 9:08-CV-80816-DTKH (S.D. Fla. 2008), *aff'd*, 447 F. App'x 136 (11th Cir. 2011).

In his petition, Guyton argues that his prior conviction under Florida law for extortion did not constitute a valid predicate "crime of violence" under the sentencing guidelines pursuant to the Supreme Court's decision in *Begay v. United States*, 533 U.S. 138 (2008). [R. 1-1] However, Guyton may not challenge the enhancement of his sentence in this habeas proceeding under Section 2241. Such claims must be pursued by filing a post-conviction motion under 28

U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

The narrow "safety valve"" provision found in Section 2255(e) permits a prisoner to challenge the legality of his conviction through a Section 2241 petition only where the remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision only where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241.").

Guyton's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause. *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *United States v. Poole*, 531 F .3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which

he has been convicted, not the sentence imposed."). This Court has applied this rule to challenges to sentencing enhancements, an approach approved by the Sixth Circuit. *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony" under *Begay* because "it is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim."); *Johnson v. Cauley*, No. 09-52-HRW (E.D.Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly enhanced conviction based upon prior state conviction is not cognizable under Section 2241). Accordingly, Guyton's claims may not be pursued in this habeas proceeding pursuant to 28 U.S.C. § 2241.

Guyton's claim under *Begay* also may not proceed under § 2241 because he could have asserted it in his initial § 2255 motion, but failed to do so. The Supreme Court issued its decision in *Begay* on April 16, 2008, but Guyton did not make a claim under that decision when he later filed his § 2255 motion on July 23, 2008. A petitioner may not invoke the savings clause to pursue habeas relief under § 2241 where he failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Even if Guyton could assert his challenge to his sentence in this proceeding, his claim is substantively meritless. Guyton's sentence was enhanced under the career offender provisions of the sentencing guidelines. Under the guidelines, a defendant qualifies as a career offender if he has at least two prior felony convictions for "crimes of violence" or "controlled substance offenses." U.S.S.G. § 4B1.1(a). A "crime of violence" includes state or federal offenses

involving either "the use, attempted use, or threatened use of physical force against the person of another" or "burglary of a dwelling, arson, or *extortion*, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(1), (2) (emphasis added). Because extortion is one of the offenses specifically enumerated in §4B1.2 (a)(2) as a "crime of violence," Guyton's Florida conviction will constitute a predicate "crime of violence" if Florida's extortion statute proscribes extortion in the "generic" sense of the word as "now used in the criminal codes of most States." *Taylor v. United States*, 495 U.S. 575, 598-99 (1990).

> Florida's extortion statute provides that:
>
> Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will, shall be guilty of a felony of the second degree.

Fla. Stat. 836.05. Without expressly deciding the question, the Eleventh Circuit in Guyton's § 2255 appeal noted that:

> [T]he Florida extortion statute, which makes it a crime to "maliciously threaten[]" another person with both physical and nonphysical harm, may well fall within the generic definition the Supreme Court has given to extortion in other contexts - "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats."

*Guyton*, 447 F. App'x at 140 (*citing Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003)). In *Taylor*, the Supreme Court derived its "generic" definition of burglary by drawing upon the definition provided by the Model Penal Code. *Taylor*, 495 U.S. at 598 n.8. That uniform law defines the offense of "theft by extortion" as follows:

> A person is guilty of theft if he purposely obtains property of another by threatening to:
>
> (1) inflict bodily injury on anyone or commit any other criminal offense; or
>
> (2) accuse anyone of a criminal offense; or
>
> (3) expose any secret tending to subject any person to hatred, contempt or ridicule, or to impair his credit or business repute; or
>
> (4) take or withhold action as an official, or cause an official to take or withhold action; or
>
> (5) bring about or continue a strike, boycott or other collective unofficial action, if the property is not demanded or received for the benefit of the group in whose interest the actor purports to act; or
>
> (6) testify or provide information or withhold testimony or information with respect to another's legal claim or defense; or
>
> (7) inflict any other harm which would not benefit the actor.

Model Penal Code § 223.4. The Florida statute is thus very similar to the model law in most respects, with specific references to threats to commit bodily injury, make criminal accusations, and expose sensitive nonpublic information. Indeed, in several regards the model code is broader, including several types of conduct not expressly proscribed by the Florida statute. As the Supreme Court indicated in *Taylor*, if the defendant is convicted of an enumerated offense in a state utilizing a generic definition of the offense but with only minor variations in terminology, the court "need find only that the state statute corresponds in substance to the generic meaning" of the enumerated offense. *Taylor*, 495 U.S. at 598. Based upon the language of the Florida statute, the Court concludes that it "substantially corresponds" to "generic" extortion for purposes of enhancement under U.S.S.G. § 4B1.2(a)(2). Guyton's claim for habeas relief from his sentence is therefore substantively without merit.

Accordingly, **IT IS ORDERED** that:

1. Guyton's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This the 3rd day of February, 2014.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY